

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBINJIT SINGH,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-02095-BAS-DEB<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)** |

Petitioner Robinjit Singh filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming that the bond hearing previously ordered by this Court was constitutionally deficient because the Immigration Judge refused to grant Petitioner's request for a continuance. (ECF No. 1.) He simultaneously filed an Emergency Motion for a Temporary Restraining Order ("TRO"), asking that he be released immediately or granted another bond hearing. (ECF No. 2.) The Government filed a Return (ECF No. 9), and Petitioner filed a Traverse (ECF No. 10). For the reasons stated below, the Court **DENIES** the

26cv2095

Petition.  In light of this ruling, the Court also **DENIES** the Motion for a TRO.  (ECF No. 2.)

## I.   ANALYSIS

On February 17, 2026, Petitioner filed a habeas petition in a prior case, along with an emergency request for a TRO.  (*See Singh v. LaRose*, No. 26-cv-00985-BAS-DEB (S.D. Cal. filed Feb. 17, 2026) ("Prior Petition"), at ECF Nos. 1, 3.)  Petitioner asked the Court to order a bond hearing before an Immigration Judge within 14 days of that February 17th date.  (*Id.*)  Specifically, Petitioner asked the Court to order that Petitioner be released within 14 days if no bond hearing was held.  (*Id.*)

On February 20, 2026, the Court set a hearing on the prior petition for March 13, 2026. (Prior Petition, at ECF No. 5.)  At that hearing, the Court found Petitioner had been subject to an unreasonably and arbitrarily prolonged detention.  (Prior Petition, at ECF Nos. 11–13.)  At Petitioner's request, the Court ordered that Petitioner receive a bond hearing within 14 days.  (*Id.*)  At that hearing, the Court ordered that the Government would be subject to the burden of proving by clear and convincing evidence that Petitioner posed either a risk of flight or a danger to the community if he was released from immigration custody.  (*Id.*)  To emphasize the importance of immediate action, at the request of Petitioner, the Court added that if the Department of Homeland Security ("DHS") did not hold the bond hearing within 14 days, then Petitioner was ordered released forthwith.  (*Id.*)

DHS apparently fully complied with the Court's order.  On March 18, 2026, the Immigration Judge held a bond hearing.  Petitioner now complains that he was not notified of this hearing until the day before the hearing.  At that hearing on March 18, 2026, Petitioner requested a continuance to allow him the opportunity to contact his sponsor and obtain documentation for the bond hearing.  The Immigration Judge denied the request.  Petitioner now argues that his hearing was constitutionally deficient because he only received one day's notice of the bond hearing, and the Immigration Judge refused to grant his request for a continuance.

26cv2095

However, Petitioner was on notice on February 17th—the day he filed his first habeas petition and request for a TRO—that he was requesting an immediate bond hearing. Since this was his request, presumably he was preparing for this bond hearing, which he requested be held immediately and, in any event, no later than 14 days later. Again, as this first habeas petition progressed, Petitioner repeatedly requested a quick bond hearing. On February 20, 2026, Petitioner was notified that the Court had set his request for a hearing on March 13th.

At the March 13th hearing, the Court acquiesced with Petitioner's requests and ordered that the bond hearing be held within 14 days and cautioned DHS that if the hearing was not held within this time period, Petitioner would be released. This ruling signaled to DHS that time was of the essence. This quick timing was at Petitioner's request. Although Petitioner now claims that he was blindsided when DHS notified him on March 17th that his hearing would be held on March 18th, he knew on February 17th, when he filed his initial petition, that he was requesting an immediate bond hearing. He knew on February 20th, when this Court set his request for an oral hearing, that he should be prepared for the immediate bond hearing he was requesting. And he certainly knew by March 13th, when the Court granted his request for a hearing within 14 days, that his bond hearing would be held very quickly. Hence, Petitioner's constitutional challenge to the bond hearing on this basis is unavailing.

Petitioner does not claim that the bond hearing was otherwise constitutionally infirm or in violation of this Court's directives. In fact, Petitioner specifically states he "does not challenge the Immigration Judge's discretionary weighing of evidence" or "*what* the Immigration Judge decided." (ECF No. 10.)

## II.   CONCLUSION

Petitioner had notice that his bond hearing would proceed within 14 days as he requested. Since the only claimed error in the bond hearing was the refusal to grant a continuance when Petitioner only had one day's notice of the hearing, the Court finds the

bond hearing was not constitutionally deficient and, thus, **DENIES** the habeas petition (ECF No. 1) and the Motion for a TRO (ECF No. 2).

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: April 21, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2095